PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**December 20, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Case No. 07-40601 |
| RODNEY A. CROW, | |
| Debtor. | |
| I. WAYNE CUNNINGHAM, | Adversary No. 07-04077 |
| Plaintiff, | **MEMORANDUM DECISION** |
| v. | **NOT FOR PUBLICATION** |
| RODNEY A. CROW, | |
| Defendant. | |

Trial was held in this matter on December 17, 2007. Plaintiff I. Wayne Cunningham (Plaintiff), in accordance with his complaint, seeks a judgment against Defendant Rodney Crow (Defendant) and to have such judgment declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 1328(a)(2)[1]. The Plaintiff also seeks to establish the allowed amount of his proof of claim. At the conclusion of the trial, the Court took the matter

---

[1] Unless otherwise indicated, all "Code," Chapter and Section references are to the Federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by BAPCPA, Pub. L. 109-8, 119 Stat. 23, as this case was filed after October 17, 2005, the effective date of most BAPCPA provisions.

MEMORANDUM DECISION - 1

under advisement. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law as required by Fed. R. Bankr. P. 7052. This is a core proceeding under Title 11. The Court, accordingly, has the jurisdiction to enter a final order under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1).

## I

## FINDINGS OF FACT

The Plaintiff owns unimproved real property located at 1241 E. Timbertides Road, Union, Mason County, Washington (Property). The Plaintiff resides on real property located across Timbertides Drive and to the north of the Property. The Plaintiff uses the Property for recreation, hiking, and wildlife viewing.

The Defendant owns a five acre parcel adjoining the Plaintiff's Property to the west (Defendant's Property). In April, 2006, the Defendant hired a logging crew (Fitchitt) to cut trees on the Defendant's Property. Pursuant to the parties' agreement, the Defendant would receive 60% of the proceeds from the sale of any merchantable logs and Fitchitt would receive 40%.

The Defendant did not have a survey done of his property before the logging operations were commenced. Rather, the Defendant walked the property lines with Fitchitt and placed tape markers on what he believed was the southern property line of his own property. The tape markers placed by the Defendant did not end at the eastern property line between his property and Plaintiff's, but continued along the Plaintiff's southern property line and into the next adjoining parcel.

In the process of cutting timber on the Defendant's Property, the logging crew cleared an estimated 14,850 square feet of the Plaintiff's Property and removed 24 trees. Ten

truckloads of trees were taken from the two properties and sold for approximately $15,000. The Defendant became aware of the trespass onto the Plaintiff's Property after the logging commenced, but prior to completion. The Defendant did not immediately notify the Plaintiff of the error or halt his timber cutting operations. Logging did cease when the Plaintiff and several other neighbors confronted the Defendant on or about May 6, 2006.

At some point in time prior to the logging operations, the Defendant also excavated a hole on a portion of the Plaintiff's Property and installed a series of plastic pipes to assist water drainage from his own property. This hole has since been re-filled.

The Defendant filed a voluntary Chapter 13 bankruptcy petition on February 28, 2007. The Defendant has filed several amended Chapter 13 plans. The Defendant's latest Chapter 13 plan was filed August 31, 2007, and proposes to pay 100% to unsecured creditors. The plan has not been confirmed. This plan provides in paragraph 10 that confirmation will be continued until the Plaintiff's claim is resolved. In order to calculate a plan payment the Defendant assumes a claim value for the Plaintiff of $40,000. On May 22, 2007, the Plaintiff filed an unsecured proof of claim in the amount of $75,936. The Defendant objected to the claim and both parties agreed that the claim would be decided in this adversary proceeding. The Plaintiff filed this complaint to determine dischargeability of debt on June 4, 2007.

**II**

**CONCLUSIONS OF LAW**

The parties do not dispute that a timber trespass occurred. The issue in this case is the amount of damages that should be awarded and whether such damages are nondischargeable in bankruptcy.

MEMORANDUM DECISION - 3

**Timber Trespass**

In Washington State, a person who, without lawful authority, cuts down trees, timber or shrubs on another person's property is guilty of trespass and liable for treble damages. RCW 64.12.030. However, if the "trespass was casual or involuntary" or the defendant had "probable cause to believe that the land on which such trespass was committed was his own," the defendant is liable only for single damages. RCW 64.12.040. Once the plaintiff has established the trespass, the burden shifts to the defendant to demonstrate that it was casual or involuntary. Hill v. Cox, 110 Wn. App. 394, 406 (2002); Sherrell v. Selfors, 73 Wn. App. 596, 604 (1994).

The Defendant admits that a trespass occurred in this case. The burden therefore shifts to the Defendant to establish mitigating circumstances. The Defendant argues that he should not be liable for treble damages in this case because he took reasonable care to ensure that the logging operations were restricted to his own property. The Defendant testified that he walked his property lines with Fitchitt prior to logging. After walking the property with Fitchitt, the Defendant also installed tape around trees along the southern boundary. Tape was not placed to mark the north/south boundary between the Defendant and Plaintiff's Property. Despite his instructions as to the proper boundary lines, the Defendant testified that Fitchitt strayed beyond the boundary markers and logged on the Plaintiff's Property. The Defendant argues that because of the precautions he took, he should not be found liable for an intentional tort caused by an independent contractor. The Court notes that Fitchitt did not testify in this case. Thus, the only testimony in evidence as to Fitchitt's knowledge of the proper boundary lines comes from the Defendant himself.

The Court concludes that the Defendant has failed to meet his burden in establishing mitigating circumstances that would allow only single damages against him. The Defendant appears to be arguing that he should not be found liable for treble damages based on the unauthorized acts of Fitchitt. Although a principal is generally not liable for the trespass of a true independent contractor, liability is imposed when the principal provides negligent directions, or fails to act upon becoming aware of the trespass. Ventoza v. Anderson, 14 Wn. App. 882, 895 (1976). Both exceptions apply in this case.

The Defendant acknowledges that he did not have any type of survey conducted of his property lines, nor did he physically mark the property lines running north to south between his property and the Plaintiff's. He did mark what he believed was the southern property line of his property, but for some unexplained reason, his markings did not stop at the boundary between himself and the Plaintiff. Instead, the markings he placed continued along the Plaintiff's Property, along the area that Fitchitt eventually logged, and into the next adjoining parcel. No credible explanation for why the trees on the southern boarder of the neighboring parcels were marked was provided.

The Court concludes that instructions given to Fitchitt by the Defendant were not reasonable and were inadequate. Although he may have walked the property line with Fitchitt, only the southern border was clearly marked and it was ambiguous in that it continued on to the neighboring parcels. Without the aid of any clearly marked boundaries, the Defendant is liable for the timber removal caused by Fitchitt on the Plaintiff's Property. See also Henricksen v. Lyons, 33 Wn. App. 123, 126 (1982) (holding that treble damages were proper where the defendant erroneously relied on an amateur survey).

MEMORANDUM DECISION - 5

The Defendant is also liable for Fitchitt's actions in failing to halt the operations upon becoming aware of the trespass. As he resided on the property where the logging was taking place, the Defendant's testimony is not credible that he was completely unaware of the timber trespass until logging on the Plaintiff's Property was almost complete. The exact date on which he became aware of the trespass is uncertain, but it is clear that he was aware of the problem prior to being confronted by the Plaintiff and that he failed to immediately halt the logging operations. The Defendant's only explanation for this failure was that he wanted to get the logging completed before he informed the Plaintiff. Such explanation fails to relieve him of liability caused by Fitchitt's actions.

The Court concludes that the Defendant has failed to establish mitigating circumstances that would limit the damage award in this case to single damages. Accordingly, treble damages against the Defendant are appropriate.

Where the timber trespass occurred on recreational property, the proper measure of damages is the value of the trees removed plus replacement costs of residential/ornamental trees and shrubs. See Birchler v. Castello Land Co., 133 Wn.2d 106, 111-12 (1997).

In valuing the trees removed, both parties' experts agreed that the trunk formula method is the appropriate method for calculating damages. However, the values placed on the 24 removed trees under the trunk formula by each expert varies significantly. The Plaintiff's expert values the 24 removed trees at $16,383, and the Defendant's expert values these same trees at $8,350. The primary difference between the two is the proper discount to be applied due to location of the logged area. The Defendant's expert applied the maximum discount for location and the Plaintiff's expert applied a much lower number. This has resulted in the timber value being on either the extreme high or low end of the scales.

MEMORANDUM DECISION - 6

Case 07-04077-PBS    Doc 11    Filed 12/20/07    Ent. 12/20/07 11:28:11    Pg. 6 of 11

Although adjustments for factors such as location are somewhat subjective, the testimony of the Plaintiff was persuasive that he valued the pristine and natural state of his Property. Such value is applied to all of the trees on his Property despite the location. A maximum discount to the value of the logged trees due to their remote location on the Property is therefore not appropriate. After considering the testimony of the parties and of the Defendant's expert witness, as well as the experts' reports, the Court determines that a preponderance of the evidence indicates that a reasonable value for the 24 trees removed is $14,000.

The Defendant's expert was of the opinion that no replacement of the trees or shrubs removed or damaged was necessary. Replacement of damaged or cut trees and shrubs is, however, a proper component of damages in a timber trespass case. Even though the parcel at issue is unimproved, the Plaintiff testified that he uses the parcel for recreation and hiking and that his intent was to maintain the Property it in its natural state. The evidence indicates that the replacement of damaged shrubs is necessary to return the Property to its natural state. Thus, replacement costs are appropriate. The Court, however, also concludes that some of the replacement costs suggested by the Plaintiff's expert are unreasonable. Although some replanting of Evergreen huckleberry and Salal is appropriate, it is unreasonable to incur the cost of 86 pots of each plant, nor is it necessary to incur the costs of a three year maintenance program or continuous inspections by a certified arborist. Based on a preponderance of the evidence provided, the Court concludes that a reasonable damage award for the restoration costs is $2,500.

Both experts agreed that the clean-up costs to remove the remaining debris from the site would be $1,300.

MEMORANDUM DECISION - 7

Accordingly, the most credible evidence is that the Plaintiff's damages for the timber trespass are $17,800. Trebled, this amount is $53,400. The Court will also award the Plaintiff his appraisal cost of $970.

**RCW 4.24.630**

The Plaintiff states that he is proceeding in this case under both RCW 64.12.030 and RCW 4.24.630. RCW 4.24.630(1) provides that "[e]very person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land . . . is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury." Further, RCW 4.24.630 awards a party aggrieved by that section their reasonable costs, "including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs." RCW 4.24.630(1).

The Plaintiff states that he seeks relief under RCW 4.24.630 for both his timber claim and waste claim for the excavation and laying of pipes. Presumably, relief is sought under this section as a basis for seeking attorney's fees and costs. However, RCW 4.24.630(2) states that this section "does not apply in any case where liability for damages is provided under RCW 64.12.030."

The Court agrees that the inclusion of the word "timber" in RCW 4.24.630 creates some ambiguity, for it is difficult to conceive of a situation involving timber removal that would not be covered by RCW 64.12.030. Whether any such factual scenario may or may not exist, however, is not relevant. Liability for damages in this case is admittedly provided for by RCW 64.12.030. Thus, according to the plain language of RCW 4.24.630(2), the provisions of that statute do not apply to the Plaintiff's claim for timber trespass.

Although this statute may provide a remedy for any damage caused by the excavation and laying of pipes on the Plaintiff's Property, damage, if any, has been repaired. The Court concludes that the Plaintiff is therefore not entitled to any damages based on the waste claim.

**Emotional Distress**

A party may recover emotional distress damages under RCW 64.12.030. <u>Birchler</u>, 133 Wn.2d at 116. Once a plaintiff proves intentional wrongful conduct, the "plaintiff is only required to prove emotional distress in order to recover the damages attributable to the wrongful act." <u>Nord v. Shoreline Sav. Ass'n</u>, 116 Wn.2d 477, 484 (1991). An award for emotional distress damages need not be proved with mathematical certainty but must be supported by competent evidence and must be proportional to the injury suffered. <u>Hill v. GTE Directories Sales Corp.</u>, 71 Wn. App. 132, 140 (1993). The law requires evidence of emotional distress but does not require proof of objective symptoms, nor is the plaintiff required to provide medical evidence or evidence that he sought medical attention for his emotional distress. <u>See</u> <u>Kloepfel v. Bokor</u>, 149 Wn.2d 192, 197-98 (2003).

In this case, the Plaintiff testified that he suffered emotional distress in that he was outraged and extremely upset upon discovering that the trees on his property had been cut. The Plaintiff testified that he used this parcel of property for hiking and recreation and that his intent was to keep it in a natural state. The Court finds the Plaintiff's testimony to be credible and determines that an award of $500 for emotional distress damages is both reasonable and appropriate.

**11 U.S.C. § 523(a)(4)**

11 U.S.C. § 1328(a)(2) excepts from discharge, those debts determined to be nondischargeable under 11 U.S.C. § 523(a)(4). The Plaintiff concedes that any damages

MEMORANDUM DECISION - 9

awarded for emotional distress fall under 11 U.S.C. § 523(a)(6), which is not covered by 11 U.S.C. § 1328(a)(1). The emotional distress damages awarded are thus dischargeable.

The Plaintiff alleges that a debt for timber trespass is nondischargeable under the larceny exception to discharge in 11 U.S.C. § 523(a)(4). Larceny is the fraudulent and wrongful taking and carrying away of the property of another with intent to convert the property to the taker's use without the consent of the owner. Vans Inc. v. Rosendahl (In re Rosendahl), 307 B.R. 199, 216 (Bankr. D. Or. 2004).

Creditors alleging nondischargeability under 11 U.S.C. § 523 have the burden of proof of each element by preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991). The Court concludes that the Plaintiff has failed to meet this burden. Although the trespass was clearly negligent and reckless, the evidence does not establish that it was fraudulent or that the Defendant knowingly cut the Plaintiff's timber with the intent to convert it for his own use and profit. The parcels of the Defendant, Plaintiff and their neighbors are relatively close together, and it is not conceivable that the Defendant could have kept the timber trespass a secret from the Plaintiff for any length of time. Rather, the evidence suggests that the Defendant negligently failed to properly mark his property lines so that the proper boundaries were unclear to Fitchitt. The Defendant discovered the mistake after the fact and should have informed the Plaintiff of the error immediately. Although such failure renders him liable for treble damages under the state timber trespass statute, it does not render the debt nondischargeable for larceny under 11 U.S.C. § 523(a)(4).

**Attorney's Fees:**

The only stated basis for awarding attorney's fees and costs in this case is RCW 4.24.630. As concluded above, the Court has determined that the Plaintiff is not entitled to

MEMORANDUM DECISION - 10

damages under RCW 4.24.630 for any waste caused by the excavation and laying of pipes. There is therefore no basis for awarding attorney's fees and costs in this case.

In summary, the Plaintiff is awarded damages and an allowed proof of claim in the Defendant's bankruptcy case in the amount of $54,870. This award consists of the following:

| | |
|---|---|
| Tree Value: | $42,000 ($14,000 trebled) |
| Restoration: | $7,500 ($2,500 trebled) |
| Clean-up: | $3,900 ($1,300 trebled) |
| Appraisal: | $970 |
| Emotional Distress: | $500 |
| **Total:** | **$54,870** |

This debt is dischargeable in bankruptcy.

DATED: December 20, 2007

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 11